```
 1  ROBERT M. AMPARAN (172132)
    506 Broadway
 2  San Francisco CA 94133
    Telephone: 415/986-5591
 3
    Attorneys for Defendant
 4  ROBERT MINEMIER
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-07-0348 MAG |
| Plaintiff, | NOTICE OF MOTION AND MOTION FOR REVIEW OF PERSONNEL FILES AND DISCLOSURE OF POTENTIAL IMPEACHMENT EVIDENCE |
| v. | [*UNITED STATES v. HENTHORN*] |
| ROBERT MINEMIER, | [Excludable Time: 18 U.S.C. §3161(h)(1)(F) & (J) through disposition] |
| Defendant. | Date: August 8, 2007 |
| _____/ | Time: 1:30 p.m. |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Defendant ROBERT MINEMIER, by and through counsel, will and hereby does move the Court for an order for discovery of the personnel files and related records of selected law enforcement agents employed by the United States Park Police who detained and arrested Mr. Minemier. Defendant seeks all records and information which pertain to any instance of conduct which might arguably reflect on the agents' character or credibility or which might arguably be used to develop impeachment information. This includes, but is not limited to, all instances involving allegations, complaints or acts of:

    (1)   false arrests;

(2) fabrication of charges;

(3) fabrication of evidence;

(4) unreasonable/illegal searches and seizures under the Fourth Amendment to the United States Constitution;

(5) undue coercion and <u>Miranda</u> violations;

(6) dishonesty;

(7) improper tactics;

(7) neglect of duty;

(8) prior drug usage; and

(9) any other instance of conduct reflecting on credibility, veracity or potential bias.

The information sought by defendant concerning such allegations, complaints or acts includes, but is not limited to, the following:

(1) The names, addresses and telephone numbers of persons who submitted any of the allegations or complaints described above;

(2) The names, addresses, and telephone numbers of all persons, whether police officers or private witnesses, mentioned as witnesses to the events described in the allegations, complaints or acts described above;

(3) A copy of all statements made by the complainants and all witnesses who were interviewed in the investigation of the allegations, complaints or acts described above;

(4) A copy of all statements made by the officers/agents interviewed in the investigation of the allegations, complaints or acts described above;

(5) Verbatim copies of all other records, reports, notes and recordings made, and copies of photographs taken, in the course of the investigation of the allegations, complaints or acts described above;

(6) All agency records and statements of opinion about the agents' reputation relevant to the allegations, complaints or acts described above, including, but not limited to, findings, letters, formal reports, comments, evaluations, assessments, disciplines imposed, and/or records of conversations involving superiors or fellow agents of the personnel listed

1         herein pertaining to any of the actions noted in the allegations, complaints or acts described; and

2 (7) All documents, reports, files, folders, and other documentary material regarding any ongoing investigations being conducted by any entity within the relevant department/agency or the relevant Office of Citizen Complaints related to the allegations, complaints or acts referenced above.

6     Defendant Robert Minemier further requests that he be apprised of any information which tends to show that the information contained in any of the allegations, complaints or acts described above is no longer current, valid or complete.

10     This motion is made on the grounds that the personnel files of the law enforcement agents who investigated this case and who have percipient knowledge and therefore may be called to testify for the prosecution or the defense, are discoverable under the Due Process Clause of the Fifth and Fourteenth Amendments and applicable case law, including Brady v. Maryland, 373 U.S. 83 (1963); Kyles v. Whitley, 514 U.S. 419 (1995); and United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and their progeny, to the extent that they contain exculpatory information and/or information tending to impeach the credibility of the officers. *In camera* review by the Court is appropriate.

21     This motion is supported by the accompanying Memorandum of Points and Authorities, the files and records in this case, and any further argument and evidence which may be presented at the time of the hearing of this motion.

25     Dated: July 25, 2007

                        /s/ ROBERT M. AMPARAN
                        ROBERT M. AMPARAN
                        Attorney for Defendant
                        ROBERT MINEMIER

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

3

1  ROBERT M. AMPARAN (172132)
   506 Broadway
2  San Francisco CA 94133
   Telephone: 415/986-5591
3
   Attorneys for Defendant
4  ROBERT MINEMIER

5

6

7                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
8                        SAN FRANCISCO DIVISION

9

10 UNITED STATES OF AMERICA,        CR 07-0348 MAG

11       Plaintiff,                 MEMORANDUM OF POINTS AND
                                    AUTHORITIES IN SUPPORT OF
12    v.                            MOTION FOR REVIEW OF PERSONNEL
                                    FILES AND DISCLOSURE OF
13 ROBERT MINEMIER,                 POTENTIAL IMPEACHMENT EVIDENCE
                                    [*UNITED STATES v. HENTHORN*]
14       Defendants.
   _____/
15

16                         INTRODUCTION

17      This motion asks the Court to order the prosecution to

18 submit to the Court for review all personnel files of all law

19 enforcement agents who detained, investigated, and/or arrested

20 Mr. Minemier.  The motion further requests that all information

21 relevant to the credibility of these agents or that would

22 otherwise lead to potentially exculpatory evidence be turned

23 over to the defense[1].

24      As discussed further below, the defense is entitled to

25 request the Court to undertake an *in camera* review of each of

26 the below-listed agents' personnel files to determine whether

27

---

28    [1] This information can be turned over pursuant to a
   protective order specifically limiting its future use.

1 exculpatory or impeaching information in those personnel files
2 must be disclosed to the defense in order to protect the due
3 process rights of the defendants.  The task implicated by this
4 motion is necessary to assure these rights are protected.
5      Based on the government's disclosures, Mr. Minemier has
6 identified the following federal law enforcement agent as likely
7 to testify as a government witness at trial:
8      1.   United States Park Police Officer Michael Cameron,
            Officer #212, San Francisco Field Office.
9
10      Defendant also respectfully reserves the right to
11 specifically identify further law enforcement officers that he
12 discovers are likely to testify as government witnesses in this
13 case.  This request includes the request for production of the
14 specific information described herein and recited in the Motion
15 filed herewith, and any other information which may possibly be
16 helpful to the defense in this case.

ARGUMENT

DEFENDANT IS ENTITLED TO ALL RECORDS AND
INFORMATION RELEVANT TO THE IMPEACHMENT OF
THE INVESTIGATING AGENTS

     The information sought by this motion is relevant to
impeach the testimony and credibility of agents and/or officers
who will be witnesses in this case at a potential suppression
hearings or trial, to prove character traits of the agents in
question, to establish their bias, and to prove their conduct,
custom, propensity and habit in conformity with such traits.
     The Due Process Clause of the Fifth Amendment requires the
government to produce exculpatory evidence to the defendant.
*See, e.g.,* Kyles v. Whitley, 514 U.S. 419, 432-34 (1995); Brady
v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405

1  U.S. 150 (1972).  Exculpatory evidence includes all evidence
2  which bears on witness' credibility or reliability.  <u>United</u>
3  <u>States v. Feola</u>, 651 F.Supp. 1068, 1135 (S.D.N.Y. 1987).  Thus,
4  the law requires that defendants be provided with information
5  regarding all prior material acts of misconduct by the govern-
6  ment witnesses.  *See, e.g.,* <u>Singh v. Prutny</u>, 142 F.3d 1157 (9th
7  Cir. 1998), *cert. denied,* 525 U.S. 956 (1998); <u>United States v.</u>
8  <u>Siejo</u>, 514 F.3d 1357 (2nd Cir. 1975), *cert. denied*, 429 U.S.
9  1043 (1977); <u>United States v. Rosner</u>, 516 F.2d 269 (2nd Cir.
10 1975), *cert. denied*, 427 U.S. 911 (1976).
11      Disclosure of impeachment information is necessary to
12 protect the right of a defendant to confront, cross-examine, and
13 impeach; this right is a cherished one and remains "the
14 principal means by which the believability of a witness and the
15 truth of his [or her] testimony are tested."  <u>Davis v. Alaska</u>,
16 415 U.S. 308, 316 (1974).
17      The Ninth Circuit has noted that the scope of the <u>Brady</u>
18 doctrine is broad, having been interpreted to compel the
19 "disclosure of evidence that in <u>any</u> way may be exculpatory."
20 <u>United States v. Miller</u>, 529 F.2d 1125, 1128 (9th Cir.), *cert.*
21 *denied*, 426 US. 924 (1976)(emphasis in original).
22      In <u>United States v. Agurs</u>, 427 U.S. 97, 108 (1976), the
23 Supreme Court warned prosecutors that if any errors are to be
24 made, they should be made on the side of disclosure:
25           Because we are dealing with an inevitably
             imprecise standard, and because the
26           significance of an item of evidence can
             seldom be predicted accurately until the
27           entire record is complete, the prudent
             prosecutor [or court] will resolve doubtful
28           questions in favor of disclosure.

In Kyles, 514 U.S. 419, the Supreme Court again reminded prosecutors that convictions will be reversed under Brady, unless prosecutors use a broader standard of "materiality" than prosecutors have employed. The Kyles court emphasized that an important type of exculpatory evidence is evidence which can be used to attack "the thoroughness and even the good faith of the investigation." The court specifically recognized that "A common trial tactic of defense lawyers is to discredit the caliber of the investigation or the decision to charge the defendant, and we may consider such use in assessing a possible Brady violation."

In United States v. Cadet, 727 F.2d 1453, 1467-68 (9th Cir. 1984), the Ninth Circuit held that the government must review agents' personnel files and disclose information which may tend to impeach law enforcement agents to the defense. *Id.* at 1467-68. The Ninth Circuit set forth the procedure the prosecution must follow when confronted with a request by a defendant for the personnel files of testifying officers. The Cadet Court stated that the government must "disclose information favorable to the defense that meets the appropriate standard of material-ity ... If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an *in camera* inspection and evalua-tion..." *Id.* at 1467-68.

In United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), *cert. denied*, 503 U.S. 972, the defendant made a discovery request for impeachment material contained in the personnel files of testifying officers. The attorney for the United

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

4

1  States refused to follow Cadet and opposed the request.  The
2  United States argued that it had no duty to examine the
3  personnel files until the defendant made a showing that
4  instances of specific misconduct were likely to be contained in
5  the personnel files.  The district court agreed.  The Ninth
6  Circuit did not, and reversed and remanded for an *in camera*
7  review by the district court.  The court held that:

> [t]he government is incorrect in its
> assertion that it is the defendant's burden
> to make an initial showing of materiality.
> The obligation to examine the files arises
> by virtue of the making of a demand for
> their production.

*Id.* at 31.

13     In Kyles, the Supreme Court held that it was the duty of
14  the individual prosecutor to personally inspect agency files and
15  discover any Brady material in the possession of other agencies.
16  514 U.S. at 437.  The court specifically wrote: "the individual
17  prosecutor has a duty to learn of any favorable evidence known
18  to the others acting on the government's behalf in the case,
19  including the police." *Id.*
20     In Kyles, the state argued that a prosecutor cannot be
21  required to turn over information he or she does not personally
22  possess.  This argument had previously been accepted by the
23  Ninth Circuit.  *See*, United States v. Jennings, 960 F.2d 1488
24  (9th Cir. 1992); United States v. Dominguez-Villa, 954 F.2d 562
25  (9th Cir. 1992).  The Supreme Court rejected that argument and
26  focused on the personal duty of the individual prosecutor:

> To accommodate the state in this manner
> would, however, amount to a serious change
> of course from the Brady line of cases.  In
> the state's favor, it may be said that no

```
                one doubts that police investigators some-
                times fail to inform a prosecutor of all
                they know.  But neither is there any serious
                doubt that procedures and regulations can be
                established to carry the prosecutor's burden
                and to insure communication of all relevant
                information on each case to every lawyer who
                deals with it.  Since, then, the prosecutor
                has the means to discharge the government's
                Brady responsibilities if he will, any
                argument for excusing a prosecutor from
                disclosing what he does not happen to know
                about boils down to a plea to substitute the
                police for the prosecutor and even for the
                courts themselves, as the final arbiters of
                the government's obligation to ensure a fair
                trial.
```

Kyles, 514 U.S. at 438.

Echoing Agurs, the court stated that "this means, naturally, that a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence.  This is as it should be." *Id.*

Because Kyles, Brady and Giglio are based upon a defendant's due process right to a fair trial, it should not matter if the exculpatory information is in the hands of state or federal officials.  "The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police." Kyles, 514 U.S. at 437.

In the instant case, upon defendant's request, the government should be held responsible for the production of any and all federal agents files.

The Court could assure the impartiality and thoroughness of the review procedure by use of a magistrate judge, thus, conduct a judicial *in camera* review.  The issues to be determined is one that is best observed by a neutral arbiter.  It is hard to place

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

6

a finger on such materials if the viewpoint is that of an advocate whose job is not combing documents for impeachment material.  Similarly, there is an institutional bias.  Impeachment material affecting credibility can and should include whether the officer has engaged in shading of the truth, "mischaracterizations" of fact short of perjury, or improper police practices.

The Justice Department policy stated in footnote 3 of Jennings, *supra,* may be the worst alternative, from the point of view of assuring the fairness of a review.  It smacks of the fox guarding the chicken coop.  According to the opinion, "the Department of Justice has instituted a policy designed to implement the holding of Henthorn.  Under this policy, the files of law enforcement officers are to be examined by the appropriate agency's attorney or his staff.  The agency legal staff will notify the federal prosecutor assigned to the case if any potential Brady material is found, and the AUSA will then determine whether the information should be disclosed or whether an *in camera* review by the district court is appropriate."  960 F.2d at 1492, note 3.

The defense urges most strenuously against this procedure for the obvious reason that an agency's legal staff has every motive to hide material which the defense should properly receive by "characterizing" them as non-exculpatory.  While it is true that under Kyles, the United States Attorney would be charged with the Brady violation if exculpatory material was disclosed later which was earlier withheld and reversal of a conviction could result, it is hard to conceive of how

1  suppression of evidence by an agency's legal counsel would be
2  uncovered.

3                            CONCLUSION

4       For the reasons stated, defendant, Robert Minemier,
5  respectfully requests that this Court order production and an *in
6  camera* review of the personnel files of the law enforcement
7  agents and officers listed above.  Upon a determination that any
8  file contains material relevant to impeachment or potentially
9  exculpatory evidence, the materials should be disclosed to
10 defense counsel subject to a protective order that the infor-
11 mation should be used only for purposes of this case.

12      Dated: July 25, 2007

13                                    Respectfully submitted,

14

15                                     /s/ ROBERT M. AMPARAN
                                      ROBERT M. AMPARAN
16
                                      Attorney for Defendant
17                                    ROBERT MINEMIER

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

8