SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

W. DOUGLAS SPRAGUE (CSBN 202121)
Acting Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

450 Golden Gate Avenue
San Francisco, CA 94103
Telephone: (415) 436-6809
Fax:           (415) 436-7234
E-mail: wendy.thomas@usdoj.gov

Attorney for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT MINEMIER,<br><br>    Defendant. | **No. CR 07-0348 MAG**<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR REVIEW OF PERSONNEL FILES AND DISCLOSURE OF POTENTIAL IMPEACHMENT EVIDENCE**<br><br>DATE:   August 8, 2007<br>TIME:   1:30 p.m.<br>COURT:  Hon. B. Zimmerman |

**I.
INTRODUCTION**

Defendant Robert Minemier ("Minemier") has moved for an order for discovery of the personnel files and related records of selected law enforcement agents employed by the United States Park Police who detained and arrested Minemier. Defendant is seeking all records and information which pertain to any instance of conduct which might arguably reflect on the agents' character or credibility or which might arguably be used to develop impeachment information, and has requested in camera review of all personnel files for those law enforcement agents

1  involved in the case. No such extraordinary measures are warranted, lawful, or necessary.
2  Accordingly, the defendant's motions should be denied.

## II.

## ARGUMENT

The government is in the process of locating Giglio material and providing all impeaching or exculpatory matters to the defendant in accordance with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1990). The defendant demands the production or in camera review of all personnel files. This demand, contrary to principles and procedures specifically approved by the Ninth Circuit, should be denied.

A defendant is entitled to the production of exculpatory evidence in the possession of the government through the Due Process Clause of the Fifth and Fourteenth Amendments. Brady v. Maryland, 373 U.S. 83 (1963); see also United States v. Bagley, 473 U.S. 667, 676-77 (1985), Giglio v. United States, 405 U.S. 150, 154 (1972). The Ninth Circuit has carved out a specific discovery jurisprudence for the information contained in the personnel files of law enforcement agents. Upon a defense request for the production of personnel files of all law enforcement witnesses involved in the case, the government has a duty to examine the personnel files. United States v. Henthorn, 931 F.2d 29, 31 (9th Cir. 1990) (citing United States v. Cadet, 727 F.2d 1453, 1467 (9th Cir. 1984)). While the obligation to examine the files arises by virtue of a defendant's demand for their production, "the files need not be furnished to the defendant or the court unless they contain information that is or may be material to the defendant's case." Id. The prosecution may submit questionable information to the trial court for an in camera inspection and evaluation if it is uncertain about its materiality. Id.

The government has requested the United States Park Police, Office of Internal Affairs, to conduct a search of the relevant officer's personnel files and other relevant files for potential Giglio material. See Giglio v. United States, 405 U.S. 150 (1972). After the appropriate agency's attorney or his staff examines the personnel files, the agency legal staff will notify the federal prosecutor assigned to the case of any potential Brady material contained in the files. United

States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992). The government will turn over to defendants any matters which are impeaching or exculpatory. The government will not turn over any obviously inadmissible matters. Finally, the government will submit any questionable matters to the Court for in camera review. This action is directly in line with government policy that was explicitly approved as proper under Henthorn. Id.

Defendant's demand that all personnel files be reviewed in camera by the Court is not supported by Ninth Circuit precedent. The defendant's questioning of the impartiality and thoroughness of governmental review is incorrect for procedural, legal, and policy reasons. Procedurally, the specific Department of Justice policy requiring appropriate agencies review law enforcement personnel files was approved by the Ninth Circuit in Jennings. Id. Legally, the Ninth Circuit has established a presumption that the official duty of the government to review agents' personnel files will be completed faithfully. Id.; United States v. Herring, 83 F.3d 1120 (9th Cir. 1996). Absent indications that the government has not or will not comply with its duty faithfully to review personnel files, "there is no basis to presume that any illegal conduct must be deterred." Id. The defendant has provided no evidence beyond philosophical advocacy that governmental review of personnel files is improper. The Ninth Circuit in Jennings and then again in Herring disagreed with the defendant's philosophical objections and established a legal presumption otherwise. Additionally, government agencies have both professional and ethical interests in performing a thorough review of an employee's files. It is in the best interest of an agency to identify and scrutinize employees who are not following the law, just as it is in the agency's best interest to maintain its credibility and integrity by completing thorough and accurate examinations of personnel files. The legal counsel who perform the examinations are also guided ethically and professionally by the canons of the bar to which they are admitted.

The procedures advocated by the defendant are not supported by Ninth Circuit law. Not only are the procedures currently in place by the government deemed appropriate by the Ninth Circuit, but they are presumed thorough and accurate unless proven otherwise. The defendant has produced no proof of bias or improper review, nor has he provided legal support for his demanded

procedure. Efforts by defendants in the past to force reviews of law enforcement personnel files have been soundly rejected by the courts.

### III.
### CONCLUSION

For the foregoing reasons, the defendants motions should be denied and the Court should permit the government to proceed in the manner proposed by the government to review and produce any impeaching or exculpatory materials.

Dated: August 1, 2007.

                                       Respectfully submitted,

                                       SCOTT N. SCHOOLS
                                       United States Attorney

                                       _____/s/_____
                                       WENDY THOMAS
                                       Special Assistant United States Attorney